## Commonwealth v. Weiner

*Richard Reifsnyder*, for appellant.
*Richard Klein*, for Commonwealth.

RILEY, J., January 26, 1967.—Edward Weiner entered a plea of guilty in this court to violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664. Upon a receipt of notice of such conviction and without hearing, the Secretary of Revenue suspended his license as "incompetent" to drive an automobile until such time as he establishes his com-

petency. The only evidence offered by the Commonwealth in the appeal before us is the record of his plea of guilty. We deem the record of the plea as offered by the Commonwealth for this purpose to be the whole record of the proceedings relating to the plea and sentence. Section 618(a)(1) of The Vehicle Code of April 29, 1959, P. L. 58, provides for a suspension upon a record of proceedings of a guilty plea or "whenever the secretary finds upon *sufficient evidence*" that the person is incompetent to operate a motor vehicle. (Italics supplied).

The burden is upon the Commonwealth to establish the incompetency of the operator, not merely a bare inference or suspicion or pure speculation, and the code so requires "sufficient evidence". How the secretary is able to make any finding relevant to competency to operate a vehicle from the bare record of a plea of guilty to violation of The Drug, Device and Cosmetic Act is beyond our comprehension. His finding had to be made upon the bare plea, because the record of the proceedings involving the plea, while stenographically taken, has not been transcribed, and no evidence was even taken before the justice of the peace, as that hearing was waived. Therefore, the sole issue is whether the entry of a plea of guilty to a violation of The Drug, Device and Cosmetic Act, standing alone, is sufficient to find the party incompetent to operate a motor vehicle. We think not.

From a reading of the indictments even the only information supplied was that Weiner had procured illegally and had in his possession and had used a drug known as "Cheracol" beyond the lawful quantities. What amounts he consumed, how often, what effect the drug had upon the human system or would affect reactions, stability and perhaps sensory perception are totally absent. There is no evidence that he had ever been affected by the drug in any way or that

he ever operated or attempted to operate a vehicle on the occasion of its admitted use. There are many types of drugs and many types and degrees of effects, and there are many manners and means of violating the drug and cosmetic act with no relation whatever to the operation of automobiles. We do find and conclude that the bare entry of a plea of guilty to the use and illegal possession of a drug prohibited by law is not in and of itself sufficient evidence of "incompetency" to operate a motor vehicle to warrant a suspension of the operating privilege. We do not say that in a given case from the transcribed record of a plea of guilty sufficient evidence may not be present. However, that is not the case before us.

While the secretary did not have the full record before him, we do. Had the secretary sought to learn all of the facts surrounding the plea, he would have learned that there was never any accusation of Weiner being a drug addict or in long or continuous use. He would have found that the drug was not a severe or drastic one, but rather one contained in medicines and available, but in limited quantities. He would also and more importantly have found that the use of the drug was relatively isolated in the life of Weiner and that he had discontinued use many months before the entry of this plea. We were so convinced by the record that we deemed the violation to deserve leniency and not vindictiveness, and were so convinced of the isolated character of the incident admitted and his subsequent abstinence that we placed him on probation without even a condition of medical or psychiatric treatment. Yet upon the bare plea alone, the secretary deems himself able to conclude present incompetency to operate a motor vehicle.

We do find that the bare entry of a plea of guilty to a narcotics charge without more is not "sufficient evidence" upon which to find the pleader incompetent

to operate a motor vehicle. While not necessary to this case, we do further find upon the entire record of the guilty plea that this defendant was at all times and is now competent to operate a motor vehicle, insofar as any effect of the use of drugs or narcotics is concerned.

Wherefore, January 26, 1967, the appeal of Edward Weiner from the suspension of his operating privileges is hereby sustained and said privileges ordered restored forthwith.